UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ELIZANDRA CORTES, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | 3:23-CV-00468-LS |
| SAM'S WEST, INC. d/b/a SAM'S CLUB, § | |
| WAL-MART STORES EAST, INC., ASSA § | |
| ABLOY ENTRANCE SYSTEMS US, INC., § | |
| ASSA ABLOY DOOR GROUP, LLC, § | |
| D.H. PACE COMPANY, INC., ALLEGION § | |
| ACCESS TECHNOLOGIES, LLC d/b/a § | |
| STANLEY ACCESS TECHNOLOGIES, § | |
| and JUSTIN LINEBAUGH, § | |
| § | |
| Defendants. § | |

**ORDER DENYING MOTION TO REMAND**

Plaintiff sues a Sam's Club store, its store manager, and various automatic door companies because she was injured when the store's automatic door closed on her. She seeks remand to state court for want of diversity jurisdiction because both she and the defendant store manager are Texas citizens.

Removing defendants can establish federal jurisdiction and defeat remand if they show that the non-diverse defendant has been improperly joined,[1] which means that the plaintiff would be unable to recover against such defendant in state court.[2] Under Texas law, "individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty."[3] For example, an employee driving for his employer can be individually liable for causing an auto accident because he owes an independent duty to the

---

[1] *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).
[2] *Id.*
[3] *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).

1

public to drive with reasonable care.[4] The Texas Supreme Court extended this rule to premises liability claims in *Tri v. J.T.T.*[5]

Plaintiff's theories of liability for Sam's and its store manager are identical[6] and she fails to allege that the manager had an independent duty or unique role in causing Plaintiff's injury. Accordingly, there is "no reasonable basis for [the court] to predict that [] [P]laintiff might be able to recover against [the manager]"[7] in state court. The manager is, therefore, improperly joined, and the court disregards his citizenship when analyzing diversity.[8] Disregarding the store manager's Texas citizenship, the parties are completely diverse[9] and this Court has subject matter jurisdiction. Plaintiff's motion to remand [Doc. No. 5] is **DENIED**.

**SIGNED** and **ENTERED** on July 13, 2024.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[4] *Id*.
[5] *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005).
[6] Doc. No. 1-1, at 6-9,
[7] *See Smallwood*, 385 F.3d at 573.
[8] *Advanced Indicator & Mfg. v. Acadia Ins. Co.*, 50 F.4th 469, 473 (5th Cir. 2022).
[9] Plaintiff's argument that the removing defendants failed to establish the citizenship of the members of the limited liability company defendants fails because those citizenships are explained in paragraphs 8, 13, and 15 of the Notice of Removal. Doc. No. 1, at 2-4.